UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 18-20750-CR-GAYLES/GOODMAN

UNITED STATES OF AMERICA

    Plaintiff,

v.

MILTON PINCHAO-PRIETO,

    Defendant.

_____/

## REPORT AND RECOMMENDATIONS ON *GARCIA* HEARING

United States District Judge Darrin P. Gayles referred to the Undersigned a change of plea hearing for the acceptance of Milton Pinchao-Prieto's ("the Defendant") guilty plea. [ECF No. 150]. Before the Defendant's change of plea hearing began substantively, the parties informed the Undersigned about a possible conflict related to Federal Rule of Criminal Procedure 44(c)/ *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975), *abrogated in part by Flanagan v. United States*, 465 U.S. 259, 263, 104 S. Ct. 1051, 1053, 79 L. Ed. 2d 288 (1984). The Undersigned promptly addressed those concerns by conducting a *Garcia* hearing before holding the Defendant's change of plea hearing.

For the reasons stated below, the Undersigned finds that the Defendant's waiver of conflict-free counsel is knowing, intelligent, and voluntary. Therefore, the Undersigned **respectfully recommends** that the District Court accept his waiver.

I.  **BACKGROUND**

  A. **Procedural History**

As set out in the Superseding Indictment, the Defendant, along with others, was indicted for two counts of conspiracy to possess with intent to distribute cocaine. [ECF No. 8].

Attorney Joaquin Perez ("Perez") entered a Notice of Attorney Appearance for Co-Defendant Edier Apraez-Hoyos on January 7, 2022. [ECF No. 20]. Defendant Apraez-Hoyos's case was closed on October 7, 2022. [ECF No. 59]. Before his case was closed, Defendant Apraez-Hoyos cooperated with the Government as part of a plea agreement. In cooperating with the Government, he provided information related to the Defendant.

On January 24, 2024, Perez entered a Notice of Attorney Appearance for the Defendant. [ECF No. 133].

The Defendant and another co-defendant, Gerardo Hermes Rosero, were able to reach a plea agreement with the Government and the Change of Plea Hearing was set for May 1, 2024. [ECF No. 150].

Based on Perez's prior representation of Defendant Apraez-Hoyos, the parties recommended that the Undersigned conduct a *Garcia* hearing as a precaution. The Undersigned agreed and conducted it before beginning the substantive change of plea hearings.

### B. The *Garcia* Hearing

The Undersigned examined the Defendant to determine if he was competent to make a knowing, intelligent, and voluntary waiver of his respective right to conflict-free counsel. The Undersigned confirmed that he felt physically fine. The Defendant confirmed that he could understand the proceedings with the services of an interpreter.

Perez represented to the Court that Defendant Apraez-Hoyos is unavailable to attend a *Garcia* hearing because he no longer lives in the United States. The Undersigned confirmed with the Defendant whether he consented to having the hearing take place without the in-Court presence of former Co-Defendant Apraez-Hoyos. The Defendant agreed to move forward with the hearing even though former Co-Defendant Apraez-Hoyos would not be present.

Perez also represented to the Court that he did not use the information learned from representing Co-Defendant Apraez-Hoyos in reaching the Defendant's plea agreement with the Government.

The Undersigned proceeded to explain the nature of the *Garcia* hearing to the Defendant. The Undersigned informed him that he has a right to conflict-free counsel and that this right entitles him to counsel with a duty of loyalty only to him as an individual. The Undersigned explained that the existence of this right typically means that an attorney may represent only a single defendant in a given case.

The Defendant confirmed his understanding of his right to conflict-free counsel and confirmed his preference to waive any conflicts and go forward with Perez as his counsel.

3

The Defendant confirmed that he understood the risks of dual representation, that he had discussed all of these issues with Perez, and that he nonetheless wished to proceed with him. The Undersigned then asked the Government whether it objected to the Defendant's preference. The Government stated that it did not. The Defendant declined the opportunity to ask the Undersigned any questions about his waivers or the potential conflicts issues. He also declined the opportunity to discuss the wisdom and logic of the waiver with Perez (in more detail) or with an independent attorney.

Finally, the Undersigned informed the Defendant of his appellate rights related to this issue and the potential consequences related to his plea if he chose to appeal it in the future. The Defendant acknowledged that, after he enters his plea, he could not later challenge Perez's representation of him in this case based on *Garcia*-related issues. The Undersigned found that he knowingly and voluntarily waived his appellate rights as to that issue.

## II.     LEGAL STANDARD

The Sixth Amendment to the United States Constitution provides that: "In all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his defense." U.S. Const. amend. VI. "When an actual conflict of interest exists, the client is denied effective assistance of counsel, and the attorney may be disqualified." *United States v. Ross*, 33 F.3d 1507, 1523 (11th Cir. 1994) (internal citations omitted). An actual, direct conflict

exists, for example, where counsel "has previously represented a person who will be called as a witness against a current client at a criminal trial." *Id.* (internal citations omitted).

A criminal defendant may waive this protection and elect to proceed with conflicted counsel so long as his waiver is "knowing, intelligent, and voluntary." *United States v. Garcia*, 447 F.3d 1327, 1337 (11th Cir. 2006) (internal citations and quotations omitted). In order to ascertain whether a defendant has elected to waive a conflict and is fully informed of his rights and the nature of any conflicts beforehand, a district court must hold a hearing and address:

> each defendant personally and forthrightly advise him of the potential dangers of representation by counsel with a conflict of interest. The defendant must be at liberty to question the district court as to the nature and consequences of his legal representation. Most significantly, the court should seek to elicit a narrative response from each defendant that he has been advised of his right to effective representation, that he understands the details of his attorney's possible conflict of interest and the potential perils of such a conflict, that he has discussed the matter with his attorney or if he wishes with outside counsel, and that he voluntarily waives his Sixth Amendment protections. *Cf. United States v. Foster*, 469 F.2d 1 (1st Cir. 1972). It is, of course, vital that the waiver be established by "clear, unequivocal, and unambiguous language." *National Equipment Rental v. Szukhent*, 375 U.S. 311, 332, 84 S. Ct. 411, 423, 11 L. Ed. 2d 354, 367-68 (1964).

*Garcia*, 517 F.2d at 278.

More recently, the Eleventh Circuit reiterated the standard a district court should apply when determining whether to accept a conflicts waiver:

> In order for a waiver of the right to conflict-free counsel to be knowing and intelligent, the State must show that the defendant (1) was aware that a conflict of interest existed; (2) realized the consequences to his defense that continuing

>with counsel under the onus of a conflict could have; and (3) was aware of his right to obtain other counsel.

*Garcia*, 447 F.3d at 1337 (quoting *Zuck v. Ala.*, 588 F.2d 436, 440 (5th Cir. 1979)); *see also United States v. Schultz*, 565 F.3d 1353, 1357-58 (11th Cir. 2009) (noting that a magistrate judge has jurisdiction to hold a *Garcia* hearing and to determine whether a defendant knowingly and voluntarily waived any conflict).

There is a presumption in favor of a defendant's right to counsel of his choice. *Garcia*, 447 F.3d at 1337. But a district court is not required to accept a defendant's waiver. *United States v. Wheat*, 486 U.S. 153 (1988). "Federal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Id.* at 160.

### III.    ANALYSIS

The Undersigned finds that the Defendant's waiver is knowing, intelligent, and voluntary. The Undersigned examined him regarding the potential risks, conflicts, and consequences of Perez's representation history. The Defendant clearly indicated that he: (1) was aware that a potential and/or actual conflict of interest could conceivably arise; (2) realized the consequences of the joint representation; and (3) was aware of his right to obtain other, conflict-free counsel. In addition, both the prosecutor and defense counsel confirmed their views that the waivers were permissible and could be accepted by the Undersigned. Neither the Government nor Perez offered any reasons why the Undersigned could not or should not accept the waivers.

### IV. CONCLUSION AND OBJECTIONS

The Undersigned finds that the Defendant's waiver is knowing, intelligent, and voluntary and, therefore, **respectfully recommends** that Perez continue to represent the Defendant. The parties shall have three (3) days[1] from the date of this Report and Recommendations to serve and file written objections, if any, with the District Court. Each party may file a response to the other party's objection within three (3) days of the objection. Failure to file timely objections waives a party's right to review issues related to the Defendant's plea under Federal Rule of Criminal Procedure 11 before the District Judge or the Court of Appeals (even under a plain error standard). *See* Fed. R. Crim. P. 59(b)(1), (2), cited in *United States v. Lewis*, 492 F.3d 1219, 1222 (11th Cir. 2007) (*en banc*).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on May 2, 2024

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
The Honorable Darrin P. Gayles
All Counsel of Record

---

[1] The Undersigned is shortening the deadline to file objections and responses to any objections from 14 days to three days because the parties agreed on the record that they had no objections to Perez's continued representation and moved forward with the change of plea hearings. Therefore, the Undersigned does not anticipate any objections to this report and recommendation.